USDC SCAN INDEX SHEET

















CAG    8/23/06    15:36

3:06-CV-01690   BIRCH V. OFFICE DEPOT INC

*1*

*NTCREM.*

1   HOGAN & HARTSON L.L.P.
    Robin J. Samuel (State Bar No. 173090)
2   David R. Singer (State Bar No. 204699)
    Biltmore Tower
3   500 South Grand Avenue
    Los Angeles, California 90071
4   Telephone: (213) 337-6700
    Facsimile: (213) 337-6701
5   RJSamuel@hhlaw.com
    DRSinger@hhlaw.com
6
    Attorneys for Defendant
7   OFFICE DEPOT, INC.

8               UNITED STATES DISTRICT COURT

9          FOR THE SOUTHERN DISTRICT OF CALIFORNIA

10                                          **VIA FAX**

11  ERIC BIRCH, individually, and behalf of    Case No.
    all other similarly situated current and
12  former employees of Office Depot, Inc.,    **06 CV 1690    DMS WMC**

                                               **NOTICE OF REMOVAL**
13                  Plaintiff,
                                               [28 U.S.C. §§1441 and 1453]
14          v.
                                               **CLASS ACTION**
15  OFFICE DEPOT, INC., DOES 1-10,

16                  Defendant.

17

18          Defendant Office Depot, Inc. ("Office Depot") respectfully avers as

19  follows:

20
                            **Background**
21

22          1.    On or about July 21, 2006, plaintiff Eric Birch filed his

23  "Complaint for Damages" in the action styled *Eric Birch, individually and on*

24  *behalf of all other similarly situated current and former employees of Office Depot,*

25  *Inc. v. Office Depot, Inc., Does 1-10*, Case No. GIC86955, in the Superior Court of

26  California for the County of San Diego (the "Action"). A true and correct copy of

27  all pleadings, process and orders served or filed in the Action are attached to this

28  Notice as Exhibit "A."

                                   1
                          **NOTICE OF REMOVAL**

\\LA - 019337/000014 - 320303 v3

2. On August 2, 2006, Office Depot acknowledged and accepted service of process of the summons and complaint in the Action.

### The Amount in Controversy exceeds Five Million Dollars

3. The complaint purports to allege claims on behalf of a putative class of former and current Office Depot California-based employees. As alleged in the complaint, the combined claims of all of the putative class members collectively exceed $5,000,000.00. In part, the complaint purports to allege claims for missed meal and rest breaks under California Labor Code Sections 226.7 and 512. The complaint asserts that Office Depot employees "hundreds of hourly workers" within the State of California, and that Office Depot did not permit these employees to take meal and rest breaks required by law. (Complaint, ¶¶ 3 and 4).

4. The first cause of action pled in the complaint alleges that plaintiff Eric Birch and the other putative class members are each entitled to receive as damages "one additional hour of pay at the employee's regular rate of compensation for each day that the meal period is not provided," "one additional hour of pay at the employee's regular rate of compensation for each day that the rest period is not provided," and statutory penalties pursuant to Labor Code Section 558 in the amount of $50 for the initial violation and $100 per pay period for each subsequent violation of Labor Code Sections 226.7 and 512, all within the last three years. (Complaint, ¶¶ 29, 30, 34 and 35). The first cause of action further alleges that Labor Code Section 2699 *et seq.* imposes upon Office Depot and the other defendants civil penalties in the amount of $100 per employee for the initial violation and $200 per employee pay period for each subsequent violation of Labor Code Sections 226.7 and 512 within the last year. (Complaint, ¶¶ 36 and 37).

///

WLA • 019337/000014 • 320303 v3

1   The first cause of action also alleges that each putative class members is entitled to

2   receive attorneys fees. (Complaint, ¶ 38).

3

4        5.    The second cause of action pled in the complaint alleges that

5   plaintiff Eric Birch and the other putative class members are each entitled to receive

6   damages for defendants' alleged failure to pay final wages within the time periods

7   proscribed in Labor Code Sections 201 and 202. The second cause of action

8   purports to assert a claim on behalf of each putative class member for up to 30 days

9   of wages, at the employee's regular rate of compensation, for each day that

10   defendants purportedly failed to pay final wages upon termination of employment.

11   (Complaint, ¶¶ 41–43). The second cause of action further alleges that Labor Code

12   Section 2699 *et seq.* imposes upon Office Depot and the other defendants civil

13   penalties in the amount of $100 per employee for the initial violation and $200 per

14   employee pay period for each subsequent violation of Labor Code Sections 201 and

15   202 within the last year. (Complaint, ¶ 44). The second cause of action also

16   alleges that plaintiff Eric Birch is entitled to receive his attorneys fees. (Complaint,

17   ¶ 45).

18

19        6.    The complaint further purports to allege claims for conversion,

20   intentional misrepresentation, fraud and unfair competition on behalf of plaintiff

21   Eric Birch and the other putative class members. (Complaint, ¶¶ 47-82). The third,

22   fourth, fifth and sixth causes of action pled in the complaint allege that plaintiff Eric

23   Birch and the other putative class members are each entitled to receive as damages

24   "regular wages, overtime wages and penalties," punitive damages, disgorgement,

25   restitution, and attorneys fees. (Complaint, ¶¶ 52–54, 60, 61, 70, 71, and 82).

26

27        7.    In the general prayer for damages, plaintiff seeks general,

28   special, and punitive damages, as well as attorneys fees, costs of suit, statutory

**NOTICE OF REMOVAL**

1    penalties, civil penalties, restitution, disgorgement, a constructive trust, an
2    accounting and declaratory relief for each member of the putative class.
3    (Complaint, page 16).

5          8.    Accordingly, and based upon the allegations in plaintiff's
6    complaint, the purported claims of all putative class members collectively exceed
7    the $5,000,000.00 threshold specified in 28 U.S.C. Section 1332(d)(6), exclusive of
8    costs and interest.

10          **Plaintiffs and Defendants are of Diverse Citizenship**

12          9.    Complete diversity of citizenship exists between all plaintiffs
13    and all defendants because:

15          a.    As alleged in the complaint, and on information and
16    belief, plaintiff Eric Birch is, and at the time the Action was filed was, a citizen of
17    the State of California. (Complaint, ¶ 8).

19          b.    Office Depot is, and at the time the plaintiff filed the
20    Action was, a Delaware corporation with its principal place of business in Delray
21    Beach, Florida.

23          c.    Office Depot is not, and at the time plaintiff filed the
24    Action was not, a citizen of the State of California.

26          10.    There are no other named defendants identified in the Action,
27    and the citizenship of the unidentified Doe defendants must be disregarded for
28    purposes of removal jurisdiction under 28 U.S.C. Section 1441(a).

4

**NOTICE OF REMOVAL**

## The Court has Jurisdiction under the Class Action Fairness Act

11.    Based upon the foregoing, this Court has subject matter jurisdiction over the Action pursuant to 28 U.S.C. Section 1332(d)(2)(A) because the controversy currently is, and at the time of the filing of the Action was, an alleged class action purportedly involving more than 100 putative class members who, pursuant to the allegations in plaintiff's complaint, collectively seek more than $5,000,000.00 in damages, and at least one class member is a citizen of a different state than at least one defendant.

## The Court also has Diversity Jurisdiction

12.    The Court also has subject matter jurisdiction over the Action pursuant to 28 U.S.C. Sections 1332(a) and 1441(a) because the controversy currently is, and at the time of the filing of the Action was, between real parties in interest who are citizens of different states, and the amount in controversy that has been put at issue by plaintiff's complaint exceeds the sum or value of $75,000.00, exclusive of interest and costs.

13.    In the complaint, plaintiff Eric Birch purports to allege claims on behalf of himself and a putative class of current and former Office Depot employees for violations of California Labor Code Sections 227.6 and 512 (failure to provide meal and rest breaks), violations of California Labor Code Sections 201, 202 and 203 (failure to pay final wages within required time), conversion, intentional misrepresentation, fraud, and unfair competition.  Plaintiff, and each member of the putative class, seeks general damages, special damages, punitive damages, restitution, back pay, statutory penalties and attorneys fees.  While the complaint does not specify a dollar amount for the damages sought or the number

**NOTICE OF REMOVAL**

WLA - 019337/000014 - 320303 v3

1   of putative class members, given the nature of the claims asserted, the expansive

2   *types of damages sought, and the time periods applicable to each damage claim,*

3   each member of the putative class in effect seeks damages in excess of $75,000.00,

4   exclusive of costs and interests.

5

6   **The Court may Exercise its Supplemental Jurisdiction over all Other Claims**

7

8          14.    To the extent that the amount in controversy does not exceed

9   $75,000.00 with respect to any one member of the putative class, the Court has

10  supplemental jurisdiction over such class members' claims because the claims are

11  so related to the claims asserted by plaintiff Eric Birch in the Action that they form

12  part of the same case or controversy under Article III of the U.S. Constitution. (28

13  U.S.C. § 1367(a); *Exxon Mobil Corp. v. Allapatah Services, Inc.*, 125 S. Ct. 2611,

14  2625 (2005)).

15

16         15.    Among the other allegations in his Complaint, plaintiff Eric

17  Birch purports to allege a claim in the Action for civil penalties under California

18  Labor Code Sections 2699 *et seq.* on behalf of himself and the California Labor and

19  Workforce Development Agency.    Specifically, plaintiff alleges that California

20  Labor Code Section 2699 imposes on Office Depot a "penalty of one hundred

21  dollars ($100.00) for each [putative class member who did not receive proper meal

22  or rest breaks] per pay period for the initial violation and two hundred ($200.00)"

23  per pay period for each subsequent violation. (Complaint, ¶44). Plaintiff "seeks to

24  recover from Defendants, and each of them, twenty-five per cent [sic] (25%) of the

25  penalty assessed and attorney's fees ...."    (Complaint, ¶45).   As alleged in the

26  complaint, and upon information and belief, the putative class described in the

27  complaint contains in excess of 100 members. (Complaint, ¶¶ 3, 6 and 15 ("Office

28  Depot employs hundreds of hourly workers ... within the State of California")).

*6*

**NOTICE OF REMOVAL**

WLA - 019337/000014 - 320303 v3

1    Therefore, on this one claim alone, plaintiff seeks in excess of $75,000.00. Plaintiff

2    also seeks to recover general damages, special damages, punitive damages,

3    restitution, back pay, statutory penalties and attorneys fees in the Action.

4    (Complaint, page 16). The type and scope of remedies sought by plaintiff in the

5    complaint demonstrate that his individual claims for damages exceed $75,000.00.

6

7    16.    Because Plaintiff's individual claims exceed $75,000.00, the

8    Court may adjudicate the related claims of each putative class member, regardless

9    of amount in controversy, pursuant to its supplemental jurisdiction. (28 U.S.C. §

10    1367(a); *Exxon Mobil Corp. v. Allapatah Services, Inc.*, 125 S. Ct. 2611, 2625

11    (2005)).

12

13    **Office Depot has Fully Complied with the Requirements for Removal**

14

15    17.    Pursuant to 28 U.S.C. Sections 1441, *et seq.*, Office Depot has

16    filed this Notice of Removal within 30 days of the effective date of service of the

17    initial pleading setting forth the claim for relief upon which removal is based. *See*

18    *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999)(thirty

19    day removal period runs from formal service of summons and complaint).

20

21    18.    Office Depot has given written notice of the filing of this Notice

22    of Removal to the parties and has filed a copy of the Notice and supporting papers

23    with the Clerk of the San Diego County Superior Court, as required by 28 U.S.C.

24    Section 1446(d).

25

26    19.    Office Depot properly removed the Action to this Court

27    pursuant to 28 U.S.C. Section 1441(b) because the U.S. District Court for the

28    Southern District of California embraces the place where the Action was pending.

7

**NOTICE OF REMOVAL**

1    20.    Office Depot hereby reserves, and does not waive, any objection

2    it may have to service, jurisdiction or venue, and any and all other defenses or

3    objections to the Action.

4

5    21.    Wherefore, further proceedings in the Action should be

6    discontinued, and the Action should be removed to the United States District Court

7    for the Southern District of California.

8

9    Date: August 21, 2006                    HOGAN & HARTSON L.L.P.

10

11                                           By: _____

12                                           Robin J. Samuel
                                             Attorneys for Defendant
13                                           OFFICE DEPOT, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

\\LA - 019337/000014 - 320303 v3

# EXHIBIT A

**(CITACION JUDICIAL)**

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
Office Depot, Inc., DOES 1-10

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CIVIL BUSINESS OFFICE 10
CENTRAL DIVISION

2006 JUL 21 P 4 00

CT COURT
COUNTY, CA

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
Eric Birch,
individually, and behalf of all other similarly
situated current and former employees of Office
Depot, Inc.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.   If you cannot pay the filing fee, ask the court clerk for a fee waiver form.   If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Superior Court of California, San Diego County<br>330 West Broadway<br>Same<br>San Diego, 92101-3827<br>Hall of Justice | CASE NUMBER:<br>(Número del Caso): **GIC 86955~** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Kirk D. Hanson, Esq. (SBN 167920)                                    (619) 692-0822
Christopher J. Nelson, Esq. (SBN 205161)
GRACE HOLLIS LOWE HANSON & SCHAEFFER LLP
San Diego, CA 92103

| | | |
|---|---|---|
| DATE: **JUL 2 1 2006**<br>(Fecha) | Clerk, by **CAROL McMAHON**<br>(Secretario) | , Deputy<br>(Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [X] on behalf of (specify):

   under:  [X] CCP 416.10 (corporation)          [ ] CCP 416.60 (minor)
           [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
           [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
           [ ] other (specify):

4. [ ] by personal delivery on (date):

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1 2004]

**SUMMONS**

Legal
Solutions
& Plus

Code of Civil Procedure §§ 412.20, 466

9 of 31

FILED
CIVIL BUSINESS OFFICE 10
CENTRAL DIVISION

2005 JUL 21  P 4: 00

Kirk D. Hanson, Esq.      (SBN 167920)
Christopher J. Nelson, Esq. (SBN 205161)
GRACE HOLLIS LOWE HANSON & SCHAEFFER LLP
3555 Fifth Avenue
San Diego, CA 92103
(619) 692-0800
(619) 692-0822 - Facsimile

Attorneys for Plaintiff,
ERIC BIRCH

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN DIEGO, CENTRAL DIVISION

|  |  |
|---|---|
| ERIC BIRCH,<br>individually, and on behalf of all other<br>similarly situated current and former<br>employees of Office Depot, Inc.<br><br>Plaintiff,<br><br>v.<br><br>OFFICE DEPOT, INC.,<br>DOES 1-10<br><br>Defendants. | Case No. GIC  86955~<br><br>CLASS ACTION<br><br>COMPLAINT FOR DAMAGES<br><br><br>*Judge:*<br>*Dept.:* |

Plaintiff, ERIC BIRCH, for causes of action against Defendants, and each of them, alleges as follows:

## I.

## INTRODUCTORY STATEMENT

1.    Plaintiff ERIC BIRCH brings this action against Defendants OFFICE DEPOT, INC. and DOES 1 through 10 (hereinafter also collectively referred to as "Office Depot" or "Defendants") for engaging in a systematic scheme of wage abuse and unlawful employment practices.

2.    Office Depot has been in business for twenty years and is one of the world's largest purveyors of office products. According to its 2005 Annual Report, Office Depot operates 1015

1

COPY
Please conform

"superstores" in 49 states and the District of Columbia and more than 250 stores abroad in 22 countries. The company reported net profits for 2005 of nearly $4.4 billion. Office Depot's slogan may be "taking care of business," but it does so without taking care of its employees.

3.     Office Depot employs hundreds of hourly workers and operates numerous office supply stores within the State of California, including at least ten stores within San Diego County. California law requires employers to permit employees who work more than five hours per day to take an uninterrupted meal break of at least 30 minutes. Employees who work more than ten hours per day are also entitled to a second meal break of at least 30 minutes. California law also requires that employees receive ten minutes of net rest time per four hour shift or major fraction thereof.

4.     Office Depot, Inc. violates California law because it does not permit employees to take meal breaks. Office Depot, Inc. also denies employees the opportunity to take rest breaks as required by law, which contributes to Defendants' deliberate unfair competition.

5.     On information and belief, Office Depot decreases its employment-related costs to position itself to offer customers better prices than its law-abiding competitors. It does so by systematically violating California's Labor Code and Industrial Welfare Commission Wage Orders.

6.     Mr. Birch brings this lawsuit seeking declaratory, injunctive and monetary relief against Defendants and each of them, on behalf of Plaintiff and all other current and former employees of Defendants throughout the State of California who are similarly-situated (hereinafter referred to as "Represented Employees") to recover, among other things, unpaid and underpaid wages and benefits, interest, attorneys' fees, penalties, costs and expenses pursuant to the California Labor Code and by Order of the Industrial Welfare Commission. Mr. Birch reserves the right to name additional class representatives throughout the State of California.

7.     Plaintiff, Eric Birch, for causes of action against Defendants, and each of them, alleges as follows:

## II.

## PARTIES, JURISDICTION AND VENUE

8.     Plaintiff Birch is and at all relevant times was a resident of the County of San Diego, State of California.

9.      At all relevant times, Mr. Birch was employed by Defendant, Office Depot, Inc. in San Diego County, California, and the Defendants' conduct, as hereinafter alleged, occurred in the County of San Diego, State of California.

10.      At all relevant times, Mr. Birch was a non-exempt employee of Defendant Office Depot. Mr. Birch is an "aggrieved employee" within the meaning of Labor Code § 2699(a) because he was employed by Defendants and had one or more of the alleged violations committed against him.

11.      Plaintiff is informed and believes and on that basis alleges that Defendant Office Depot is, and at all relevant times was, a corporation authorized to do business in the State of California, and that it is and was an employer as defined in and subject to the California Labor Code and Industrial Welfare Commission Wage Orders.

12.      The true names and capacities of the Defendants named as DOE 1 through DOE 10, inclusive, are presently unknown to Plaintiff. Plaintiff will amend this Complaint, setting forth the true names and capacities of these fictitious Defendants when they are ascertained. Plaintiff is informed and believes and on that basis alleges that each of the fictitious Defendants has participated in the acts alleged in this Complaint.

13.      Plaintiff is further informed and believes and thereon alleges that at all relevant times, each Defendant, whether named or fictitious, was the agent or employee of the corporation, or the corporation itself, and in participating in the acts alleged in this Complaint, acted within the scope of such agency, or employment, or ratified the acts of the other.

## III.

## GENERAL ALLEGATIONS

14.      On or about February 21, 1999, Mr. Birch commenced employment with Office Depot as a "non-exempt" employee. During his tenure he held various positions providing retail and customer service duties.

15.      During the course of his employment with Office Depot, Mr. Birch worked in three different Office Depot stores. In each store, he observed Defendants to be engaging in illegal employment practices, such as requiring employees to work without meal breaks and failing to permit employees to take rest breaks. Office Depot also failed to compensate employees by paying the

3

1    mandated wage premium for meal and rest breaks missed or otherwise not taken in accordance with

2    California law. On information and belief, Defendants committed these same violations with other

3    current and former employees of Office Depot throughout the State of California.

4        16.    Mr. Birch typically worked without being permitted to take proper breaks for meals

5    and/or rest periods.

6        17.    On the few occasions when Mr. Birch did take a meal break, it generally was for a period

7    less than the 30 minute meal period he was entitled to take or he would take a meal break after working

8    more than six hours. Other times, Mr. Birch did not take or was not permitted to take a meal break as

9    he worked throughout the day. He observed numerous other employees being similarly treated.

10       18.    On at least one occasion, Mr. Birch attempted to take his legally mandated break but was

11    chastised by Office Depot's store management and ordered to return to the sales floor.

12       19.    Even when Mr. Birch's time records clearly recorded that he was not provided with a

13    meal break, Defendants failed to pay him one additional hour of wages as required by law.

14       20.    Office Depot failed to pay Mr. Birch all wages due and owed to him immediately upon

15    his separation from employment, including but not limited to all wage premiums for missed meal and

16    rest periods.

17       21.    Pursuant to Labor Code § 2698 *et seq.*, an aggrieved employee may file an action on

18    behalf of himself and similarly-situated current and former employees for violations of the California

19    Labor Code.

20                                  **IV.**

21                 **CLASS ACTION DESIGNATION**

22       22.    Causes of Action One through Eleven are appropriately suited for a Class Action because:

23           a.    The potential class is a significant number because Mr. Birch is informed and

24    believes and thereon alleges that, at all relevant times, Defendants employed a number of persons, and

25    caused an unlawful loss of wages and employment benefits to a significant number of current and former

26    employees. Plaintiff is at present uncertain of the exact number of current and former employees of

27    Defendant affected by the unlawful employment practices alleged herein. However, Plaintiff is informed

28    and believes that the class is significant in number and that joinder of all former employees individually

4

1 would be impractical. Plaintiff is authorized to bring this class action on behalf of other employees
2 similarly-situated under California Labor Code § 2699 and pursuant to California Code of Civil
3 Procedure § 382;

4         b.     This action involves common questions of law and fact to the potential class,
5 because the action focuses on the Defendants' systematic course of illegal conduct with respect to
6 violating the aforementioned provisions of the California Labor Code.

7         c.     The claims of the Plaintiff under the California Labor Code and Industrial Welfare
8 Commission Wage Orders are typical of the class because Defendants' failure to comply with the
9 provisions of the California wage and hour laws, as herein alleged, entitles each class member to similar
10 back pay, benefits and other relief.

11 **V.**

12 **CALIFORNIA LABOR CODE § 2699 REPRESENTATIVE ACTION DESIGNATION**

13     23.     The first and second causes of action are appropriately suited to be a Representative
14 Action under Labor Code § 2699 because:

15         a.     This action involves allegations of violations of provisions of the California Labor
16 Code that provide for a civil penalty to be assessed and collected by the Labor and Workforce
17 Development Agency or its departments, divisions, commissions, boards, agencies or employees;

18         b.     Mr. Birch is an "aggrieved employee" because he was employed by the alleged
19 violator and had one or more of the alleged violations committed against him;

20         c.     The past and present aggrieved employees Mr. Birch seeks to represent suffered
21 similar violations and are entitled to similar types of damages and relief; and,

22         d.     On May 16, 2006, Mr. Birch satisfied the procedural requirements of § 2699 by
23 serving, via Certified Mail, the Labor and Workforce Development Agency ("LWDA") and his former
24 employer with his claim for wage and hour violations and penalties. More than 33 days have passed
25 since Mr. Birch filed his wage claim with the LWDA and the neither the LWDA nor its Division of
26 Labor Standards Enforcement have elected to investigate this case. Accordingly, Mr. Birch has
27 exhausted his administrative remedies and seeks wages as penalties and other penalties on behalf of
28 //

5

*CLASS ACTION COMPLAINT FOR DAMAGES*

himself and all other similarly aggrieved employees, pursuant to California Labor Code §§ 201, 203, 204, 210, 218.6, 226.7, 512, 558, and 2699 *et seq.*

## VI.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### FAILURE TO PROVIDE MANDATED REST AND MEAL PERIODS
(Violation of Labor Code §§ 226.7 and 512;
Violation of Industrial Welfare Commission Wage Order No. 7-2001, §§ 11 and 12)
(Alleged Against Defendants By Plaintiff Eric Birch Individually and On Behalf of All
Similarly-Situated Current and Former Employees of Office Depot)

24.     Plaintiff realleges and incorporates by this reference paragraphs 1 through 23, as though fully set forth herein.

25.     Labor Code § 226.7 requires employers, including Defendants, to provide employees with meal and rest periods as mandated by Order of the Industrial Welfare Commission [IWC Wage Order 7-2001 §11].

26.     Labor Code § 512(a) in part provides that employers, including Defendants, may not employ an employee for a work period of more than five hours per day without providing an employee with a meal period of not less than 30 minutes, except that if the total work period per day of the employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and the employee.  Employers may not employ an employee for a work period more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes.

27.     By Order of the Industrial Welfare Commission, every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.  The authorized rest period shall be based on the total hours worked daily at the rate of ten (10) minutes rest time per four (4) hours of work or major fraction thereof.  Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages. [IWC Wage Order 7-2001 §12].

/ /

/.

6

28.    Defendants violated Labor Code §§ 226.7 and 512 and the IWC Order when they failed to provide proper rest and/or meal periods to Represented Employees, during the time period each Represented Employee worked for Defendants.

29.    Pursuant to Labor Code § 226.7(b) and Wage Order 7-2001 § 11(B), Defendants shall pay Plaintiffs, including Mr. Birch, one additional hour of pay at the employee's regular rate of compensation for each day that the meal period is not provided.

30.    Pursuant to Labor Code § 226.7(b) and Wage Order 7-2001 § 12(B), Defendants shall pay Represented Employees, including Mr. Birch, one additional hour of pay at the employee's regular rate of compensation for each day that the rest period is not provided.

31.    Defendants refused to provide Mr. Birch and Represented Employees meal and/or rest periods and failed provide payment for missed or interrupted meal and/or rest periods, as required by Labor Code § 226.7(b) and by Order of the Industrial Welfare Commission.

32.    As a result of Defendants' violations by: (1) failing to pay an additional hour of pay for each day a meal period was not provided and (2) failing to pay an additional hour of pay for each day a rest period was not provided Mr. Birch and Represented Employees suffered, and continue to suffer a loss of wages and compensation, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court.

33.    In committing the violations of state law as herein alleged, Defendants have knowingly and willfully refused to perform their obligations to compensate Mr. Birch and Represented Employees for all wages earned and all hours worked.  As a direct result, Mr. Birch and Represented Employees have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages, lost interest on such monies and incurred expenses and attorney's fees in seeking to compel Defendants to fully perform their obligation under state law, all to their respective damage in amounts according to proof at trial and within the jurisdiction of this Court.

34.    Labor Code §558 imposes upon defendants for each initial violation of wage and hour laws a penalty of $50.00 for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover the underpaid wages.

1      35.     Labor Code §558 imposes upon defendants for each subsequent violation of wage and

2 hour laws a penalty of $100.00 for each underpaid employee for each pay period for which the

3 employee was underpaid in addition to an amount sufficient to recover the underpaid wages.

4      36.     Labor Code § 2699 *et seq.* imposes upon Defendants, and each of them, a penalty of

5 one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation

6 and two hundred ($200.00) for each aggrieved employee per pay period for each of Defendants'

7 subsequent violations of Labor Code § 226.7. The exact amount of the applicable penalty will be

8 proved at trial.

9      37.     Labor Code § 2699 *et seq.* imposes upon Defendants, and each of them, a penalty of

10 one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation

11 and two hundred ($200.00) for each aggrieved employee per pay period for each of Defendants'

12 subsequent violations of Labor Code § 512. The exact amount of the applicable penalty will be

13 proved at trial.

14      38.     Additionally, pursuant to Labor Code § 2699, Mr. Birch, as the Representative

15 Employee seeks to recover from Defendants, and each of them, twenty-five per cent (25%) of the

16 penalty assessed (with the exception of wages recovered pursuant to Labor Code § 558), as well as

17 all reasonable attorney's fees and costs incurred herein.

18      39.     Plaintiffs, including Mr. Birch, seek interest on all due and unpaid or underpaid

19 wages pursuant to Labor Code § 218.6.

20     WHEREFORE, Plaintiff prays for relief as hereinafter requested.

21                   **SECOND CAUSE OF ACTION**
          **FAILURE TO PAY WAGES WITHIN REQUIRED TIME**

22             **(Violations of Labor Code §§ 201, 202 and 203)**
   **(Alleged Against Defendants By Plaintiff Eric Birch Individually and On Behalf of All**

23         **Similarly-Situated Current and Former Employees of Office Depot)**

24      40.     Plaintiff realleges and incorporates by this reference paragraphs 1 through 39, as

25 though fully set forth herein.

26      41.     Labor Code § 201 requires an employer to immediately pay any wages, without

27 abatement or reduction, to any employee who is discharged. Labor Code § 202 requires an employer

28 to pay any wages, without abatement or reduction, not later than 72 hours after an employee quits,

8

1    unless the employee gave 72 hours previous notice of his intention to quit, in which case the wages

2    are due immediately at the time of quitting. For violation of Labor Code §§ 201 and/or 202, Labor

3    Code § 203 causes the unpaid wages of the employee to continue as a penalty from the due date

4    thereof at the same rate until paid or until an action therefore is commenced, but the wages shall not

5    continue for more than 30 days.

6         42.     On or about March 18, 2006, Mr. Birch gave two weeks notice of his intent to resign

7    from his employment with Office Depot. Upon his last day of work, Mr. Birch was not provided

8    with all wages due and owing, including missed meal and rest period pay, as specified by Labor

9    Code § 201. Consequently, pursuant to Labor Code § 203 Mr. Birch, and any similarly-situated

10    current and former employee, is owed the above-described waiting time penalty, all in an amount to

11    be shown according to proof at trial and within the jurisdiction of this Court.

12         43.     Mr. Birch is informed and believes and thereon alleges that, at all times material to

13    this action, Defendants, and each of them, had a planned pattern and practice of failing to pay

14    employees all wages due and owing, including meal and rest period premium pay required pursuant

15    to Labor Code § 226.7(b), within the time specified by Labor Code §§ 201 and 202.

16         44.     Labor Code § 2699 *et seq.* impose upon Defendants, and each of them, a penalty of

17    one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation

18    and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent

19    violation in which Defendants violated Labor Code §§ 201 and 202. The exact amount of the

20    applicable penalty is all in an amount to be shown according to proof at trial.

21         45.     Additionally, pursuant to Labor Code § 2699, Mr. Birch seeks to recover from

22    Defendants, and each of them, twenty-five per cent (25%) of the penalty assessed and attorney's fees

23    and costs incurred herein.

24         46.     Mr. Birch and Represented Employees seek interest on all due and unpaid or

25    underpaid wages pursuant to Labor Code § 218.6.

26         WHEREFORE, Plaintiff prays for relief as hereinafter requested.

27    //

28    //

9

### THIRD CAUSE OF ACTION
### CONVERSION
**(Alleged Against Defendants By Plaintiff Eric Birch Individually and on Behalf of All Similarly-Situated Current and Former Employees of Office Depot)**

47.     Plaintiff realleges and incorporates by this reference paragraphs 1 through 46, as though fully set forth herein.

48.     Pursuant to the California Labor Code, Industrial Welfare Commission Wage Orders, and implied agreements with each employee that Defendants would comply with all wage and hour laws, the parties agreed that Defendants would pay Mr. Birch and Represented Employees as required by law.

49.     Defendants failed and refused to pay premium wages for time worked during meal period and rest breaks, and other wages owed to Mr. Birch and Represented Employees, as required by Labor Code §§ 226.7 and 203.

50.     At the time wages were due and payable by Defendants to Mr. Birch and Represented Employees, the unpaid wages became the property of Mr. Birch and Represented Employees. Mr. Birch and Represented Employees had a right to possess their property. By failing to pay the earned wages to Mr. Birch and each Represented Employee when due, Defendants wrongfully converted the property to their own use.

51.     The amount of wages converted by Defendants from Mr. Birch and Represented Employees is specific and certain based on the number of meal breaks and rest periods missed during the course of employment.

52.     By failing to pay the wages on the appropriate payday and retaining the sums earned by Mr. Birch and each Represented Employee, Defendants thereby wrongfully exercised dominion and control over Mr. Birch's and each Represented Employee's property. Mr. Birch and each Represented Employee have been denied the possession, use and enjoyment of said monies.

53.     Accordingly, Mr. Birch and Represented Employees have been damaged in an amount according to proof at trial.

54.     In failing to pay compensation to Mr. Birch and Represented Employees and retaining the wages for their own use, and in making unlawful wage deductions, Defendants have acted with

10

1    malice, oppression, and/or conscious disregard for statutory rights of Mr. Birch and Represented

2    Employees. Such wrongful and intentional acts justify an award of punitive damages, which Mr.

3    Birch and Represented Employees seek.

4          WHEREFORE, Plaintiff prays for relief as hereinafter requested.

5               **FOURTH CAUSE OF ACTION**

           **<u>INTENTIONAL MISREPRESENTATION</u>**

6               (Violation of Civil Code § 1710)

   **(Alleged Against Defendants By Plaintiff Eric Birch Individually and On Behalf of All**

7          **Similarly-Situated Current and Former Employees of Office Depot)**

8          55.    Plaintiff realleges and incorporates by this reference paragraphs 1 through 54, as

9    though fully set forth herein.

10          56.    Mr. Birch is informed and believes and thereon alleges that at all material times,

11    Defendants and DOES 1 through 10 (collectively referred to herein as Defendants), were active

12    participants and decision-makers in the conduct alleged herein, and had personal possession of the

13    wages and monies owed to Mr. Birch and Represented Employees and/or power to deliver the wages

14    and monies owed to Mr. Birch and the Represented Employees. At the time that Mr. Birch and each

15    Represented Employee was hired, Defendants held themselves out to be knowledgeable of all

16    applicable California wage and hours laws and operating in full compliance of same.

17          57.    During the time of the employment of Mr. Birch and each Represented Employee,

18    Defendants knowingly, willfully, intentionally and fraudulently misrepresented to each of them the

19    amount of wages owed to them and did this to gain an economic benefit from Mr. Birch and

20    Represented Employees.

21          58.    During the time of Mr. Birch's and each Represented Employee's employment,

22    Defendants required Mr. Birch and each Represented Employee to work without proper lawful

23    compensation, including compensation for missed and/or interrupted meal breaks and rest periods.

24    Defendants did this to gain an economic benefit from Mr. Birch and each Represented Employee,

25    and for the purpose of mitigating the amount of monies it had to pay to Mr. Birch and each

26    Represented Employee, in the form of wages and compensation for missed meal and rest periods.

27    //

28    //

           11

59.   At all times relevant herein, Mr. Birch and Represented Employees, and each of them, relied on and believed Defendants' representation concerning the accurateness of the payment of their wages, all to their detriment.

60.   As a result of Defendants' intentional, willful, purposeful and illegal misrepresentation of monies it owed Mr. Birch and Represented Employees, Mr. Birch and Represented Employees suffered a loss of wages and monies all in an amount to be shown according to proof at trial and within the jurisdiction of this Court.

61.   For Defendants' intentional, willful, purposeful, illegal and reprehensible acts, Mr. Birch and Represented Employees seek an award of punitive damages.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

### FIFTH CAUSE OF ACTION
### FRAUD
**(Alleged Against Defendants By Plaintiff Eric Birch Individually and On Behalf of All Similarly-Situated Current and Former Employees of Office Depot)**

62.   Plaintiff realleges and incorporates by this reference paragraphs 1 through 119, as though fully set forth herein.

63.   Plaintiffs are informed and believe and thereon allege that at all material times, Defendants and DOES 1 through 10, were active participants and decision-makers in the conduct alleged herein, and had personal possession of the wages and monies owed to Mr. Birch and the Represented Employees and/or power to deliver the wages and monies owed to Mr. Birch and Represented Employees. At the time that Mr. Birch and each Represented Employee was hired, Defendants held themselves out to be knowledgeable of all applicable California wage and hours laws and operating in full compliance of same.

64.   During the time of Mr. Birch and each Represented Employee's employment, Defendants knowingly, willfully, intentionally and fraudulently misrepresented to each of them the amount of wages and monies owed to them and did this to gain an economic benefit from Mr. Birch and each Represented Employee.

65.   During the time of Mr. Birch's and each Represented Employee's employment, Defendants required Mr. Birch to work without proper lawful compensation, including compensation

12

1  for missed and/or interrupted meal and rest breaks. Defendants did this to gain an economic benefit

2  from Mr. Birch and each Represented Employee, and for the purpose of mitigating the amount of

3  monies it had to pay to Mr. Birch and each Represented Employee, in the form of wages and

4  compensation for missed meal and rest periods.

5       66.    At all times relevant, Defendants intentionally and fraudulently avoided paying all

6  compensation owed, including penalties and missed meal and rest break payments, and any and all

7  other financial implications or obligations attached thereto to Mr. Birch and each Represented

8  Employee, so as to establish and/or gain a greater foothold in the marketplace, all to the detriment of

9  Mr. Birch and Represented Employee.

10       67.    At all relevant times herein, Defendants held themselves out to Mr. Birch and

11  Represented Employee, and each of them, as being knowledgeable concerning the labor laws of

12  California.

13       68.    At all times relevant herein Mr. Birch and each Represented Employee relied on and

14  believed Defendants' representation concerning its conformance with the California wage and hour

15  laws to be true, all to their detriment.

16       69.    At all times relevant, Defendants intentionally, willfully, calculatingly, purposefully,

17  illegally and fraudulently misrepresented its conformance with California wage and hour laws to Mr.

18  Birch and Represented Employees for the purpose of withholding monies, including overtime wages,

19  regular wages and penalties, due them for Defendants' sole benefit and economic gain and to the

20  egregious detriment of their employees.

21       70.    As a result of Defendants' intentional, willful, purposeful, fraudulent conduct and

22  misrepresentation to its employees, Mr. Birch and Represented Employees suffered a loss of

23  monies owed to them, including but not limited to regular wages, overtime wages and penalties, all

24  in an amount to be shown according to proof at trial and within the jurisdiction of this Court.

25       71.    Furthermore, for Defendants' intentional, willful, purposeful, illegal, fraudulent, and

26  reprehensible acts, Mr. Birch and Represented Employees seek an award of punitive damages.

27              WHEREFORE, Plaintiff prays for relief as hereinafter requested.

28  //

CLASS ACTION COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION
## UNFAIR COMPETITION
### (Violation of Business and Professions Code § 17200 *et seq.*)
### (Alleged Against Defendants By Plaintiff Eric Birch Individually and On Behalf of All Similarly-Situated Current and Former Employees of Office Depot)

72.    Plaintiff realleges and incorporates by this reference paragraphs 1 through 71, as though fully set forth herein.

73.    California Business & Professions Code § 17200 *et seq.* prohibits acts of unfair competition, which includes any "unlawful, unfair or fraudulent business act or practice..." Mr. Birch as herein alleged, has suffered and continues to suffer injuries in fact, due to the unlawful business practices of Defendants as alleged herein.

74.    As alleged herein, Defendants have systematically engaged in unlawful conduct such as wage abuse, and requiring employees to work without statutorily mandated meal and rest periods in order to gain a competitive advantage over competitors.

75.    One of Defendant's primary objectives is to provide its customers with an outstanding price/value relationship for the services it performs and to provide its stockholders returns that exceed the industry's average return on investment through effective expense and margin management. Defendant's success in meeting this objective is due in part to the benefits it received from Plaintiffs as a result of Defendants' wage abuses as set forth in this Complaint. On information and belief, Defendants' wage abuse significantly increased Defendants' operational profitability.

76.    At the time that Mr. Birch and each Represented Employee was hired, Defendants knowingly, intentionally and illegally misrepresented to each of them their conformance with the California Labor Code and Industrial Welfare Commission Wage Orders, and federal and state regulations.

77.    During the time of Mr. Birch and each Represented Employee's employment, Defendants failed to comply with the California Labor Code and Industrial Welfare Commission Wage Orders through its actions as herein alleged including, but not limited to its failure to: (1) provide its employees with rest and meal periods, (2) pay premium wages due for all missed or interrupted meal and rest breaks, and (3) pay all wages due and owing within the time specified by the Labor Code.

14

78. At all times relevant, Defendants intentionally and fraudulently avoided paying wages and other financial obligations, thereby creating for Defendants an artificially lower cost of doing business, for the purposes of undercutting their competitors and establishing and/or gaining a greater foothold in the marketplace, all to the detriment of Plaintiffs.

79. At all times relevant herein Plaintiffs relied on and believed Defendants' representations concerning their conformance with the California wage and hour laws, all to their detriment.

80. As a result of Defendants' intentional, willful, purposeful, illegal and fraudulent misrepresentation of conformance with the Labor Code and Industrial Welfare Commission Wage Orders, Mr. Birch and each Represented Employee suffered a loss of wages and compensation, all in an amount to be shown according to proof at trial and within the jurisdiction of this Court. By violating the foregoing statutes and regulations as herein alleged, Defendants' acts constitute unfair and unlawful business practices under Business and Professions Code § 17200 *et seq.*

81. Defendants' violations of the California Labor Code, Orders of the Industrial Welfare Commission, and its scheme to lower its payroll costs as alleged herein, constitute unlawful business practices because these acts were done in a systematic manner over a period of time to the detriment of Mr. Birch and all others similarly-situated.

82. As a result of the unfair business practices of Defendants alleged herein, Mr. Birch and Represented Employees are entitled to injunctive relief, disgorgement, and restitution in an amount according to proof. As private attorneys general under California Civil Code § 1021.5, Plaintiffs seek to recover any and all attorney's fees incurred herein.

WHEREFORE, Plaintiff prays for relief as hereinafter requested.

//
//
//
//
//
//
//

15

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For general damages;

2.     For special damages;

3.     For punitive damages;

4.     For reasonable attorney fees, cost of suit, and interest to the extent permitted by law, including pursuant to Civil Code § 1021.5, and Labor Code §§ 218.6 and 2699 *et seq.*;

5.     For statutory penalties to the extent permitted by law, including those pursuant to the Labor Code and Orders of the Industrial Welfare Commission;

6.     For injunctive relief as provided by the Labor Code and Business and Professions Code §17200 *et seq.*;

7.     For restitution as provided by Business and Professions Code §17200 *et seq.*;

8.     For an order requiring Defendants to restore and disgorge all funds to each Plaintiff acquired by means of any act or practice declared by this Court to be unlawful, unfair or fraudulent and, therefore, constituting unfair competition under Business and Professions Code §17200 *et seq*;

9.     For an award of damages in the amount of unpaid compensation including, but not limited to unpaid wages, benefits and penalties according to proof, including interest thereon;

10.     For an award of an additional hour of pay at each Plaintiffs' regular rate of compensation for each meal and rest period missed or interrupted, including but not limited to unpaid monies pursuant to Labor Code §226.7(b);

11.     For an order imposing a constructive trust upon the Defendants to compel them to transfer to Plaintiffs' wages that have been wrongfully obtained and held by Defendants;

12.     For an accounting to determine all money wrongfully obtained and held by Defendants;

16

Aug-21-06  13:39   From-Howard Hartson LLP Los Angeles, Ca.   4213 3310   T-821   P.028/036   34-757

13.  For a declaratory judgment that Defendants have violated Labor Code §§ 201, 202, 203, 226.7, and 512; and,

14.  For such other relief as the Court deems just and proper.

DATED: July 7, 2006

GRACE HOLLIS LOWE
HANSON & SCHAEFFER LLP

By: _____
Kirk D. Hanson
Christopher J. Nelson
Attorneys for Plaintiff
ERIC BIRCH

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all Causes of Action.

DATED: July 7, 2006

GRACE HOLLIS LOWE
HANSON & SCHAEFFER LLP

By: _____
Kirk D. Hanson
Christopher J. Nelson
Attorneys for Plaintiff
ERIC BIRCH

17

COMPLAINT FOR DAMAGES
26 of 31

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
INDEPENDENT CALENDAR CLERK
330 W. Broadway
San Diego, CA 92101

TO:

| | | |
|---|---|---|
| ERIC BIRCH | | Case No.: GIC869552 |
| | Plaintiff(s) | **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS** |
| | vs. | (CRC 1590.1) |
| OFFICE DEPOT INC | | Judge: YURI HOFMANN |
| | Defendant(s) | Department: 60 |

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management timelines.

☐ Court-Referred Mediation Program
☐ Private Neutral Evaluation
☐ Private Mini-Trial
☐ Private Summary Jury Trial
☐ Private Settlement Conference With Private Neutral
☐ Other (specify): _____

☐ Court-Ordered Nonbinding Arbitration (Cases valued at $50,000 or less)
☐ Court-Ordered Binding Arbitration (Stipulated)
☐ Private Reference to General Referee
☐ Private Reference to Judge
☐ Private Binding Arbitration

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

Alternate: (mediation & arbitration only) _____

Date: _____          Date: _____

Name of Plaintiff _____          Name of Defendant _____

Signature _____          Signature _____

Name of Plaintiff's Attorney _____          Name of Defendant's Attorney _____

Signature _____          Signature _____

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, Rule 225. Upon notification of the settlement the court will place this matter on a 45 day dismissal calendar.

No new parties may be added without leave of court and all unserved, non-appearing or actions by named parties are dismissed.

IT IS SO ORDERED.

Dated: _____          _____
                                JUDGE OF THE SUPERIOR COURT

SDSC CIV-359(Rev. 8-03)    ADR-STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION PROCESS

# NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Use of Alternate Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial.

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court has established a Civil Mediation Program to replace the Mediation Pilot Program established by Code of Civil procedure sections 1730 et seq. The Civil Mediation Program in effect for cases filed on or after May 1, 2003 or upon stipulation, is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participate in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non-binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for court-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court Local Rules Division II Chapter III and Code of Civil Procedure 1141 et seq. address this program specifically.

SDSC CIV-730 (Rev. 11-04)

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Use Alternative Dispute Resolution Process" which is included in this ADR Package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 338-2797.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

aa of 3)

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
INDEPENDENT CALENDAR CLERK
330 W. Broadway
San Diego, CA 92101

TO:

KIRK D. HANSON
GRACE HOLLIS LOWE HANSON & SCHAEFFER LLP
3555 FIFTH AVENUE, SUITE 100
SAN DIEGO, CA 92101

---

| | |
|---|---|
| ERIC BIRCH <br> Plaintiff(s) <br><br> vs. <br><br> OFFICE DEPOT INC <br> Defendant(s) | Case No.: GIC869552 <br><br> **NOTICE OF CASE ASSIGNMENT** <br><br> Judge: YURI HOFMANN <br> Department: 60 <br> Phone: 619-685-6050 |

**COMPLAINT FILED** 07/21/06

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document. (Rule 2.5)

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.) (Rule 2.6)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service. (Rule 2.7)

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING.

ALSO SEE THE ATTACHED NOTICE TO LITIGANTS.

**CERTIFICATE OF SERVICE**

I certify that I am not a party to the above-entitled case; on the date shown below, I served this notice on the parties shown by personally handing it to the attorney or their personal representative at SAN DIEGO California.

DATED: 07/21/06                    BY: CLERK OF THE SUPERIOR COURT

SDSC CIV-721(Rev. 7-03)        ASG-NOTICE OF CASE ASSIGNMENT        30 of 31

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Kirk D. Hanson, Esq. (SBN 167920)<br>Christopher J. Nelson, Esq. (SBN 205161)<br>GRACE HOLLIS LOWE HANSON & SCHAEFFER LLP<br>3555 Fifth Avenue<br>San Diego, CA 92103 | |

TELEPHONE NO.: (619) 692-0800    FAX NO. *(Optional):*    (619) 692-0822

E-MAIL ADDRESS *(Optional):* khanson@gracehollis.com

ATTORNEY FOR *(Name):* Plaintiff Eric Birch

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Diego

STREET ADDRESS: 330 West Broadway

MAILING ADDRESS: Same

CITY AND ZIP CODE: San Diego, 92101

BRANCH NAME: Hall of Justice

PLAINTIFF/PETITIONER: Eric Birch,
individually,and behalf of all other similarly situated
current and former employees of Office, Depot Inc.

DEFENDANT/RESPONDENT: Office Depot, Inc., DOES 1-10

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>GIC 86955 |
|---|---|

TO *(insert name of party being served):* Office Depot, Inc.

### NOTICE

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: 7/25/06

Christopher J. Nelson, Esq.
(TYPE OR PRINT NAME)

(SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

### ACKNOWLEDGMENT OF RECEIPT

This acknowledges receipt of *(to be completed by sender before mailing):*

1.  ☒  A copy of the summons and of the complaint.
2.  ☒  Other: *(specify):*     Stipulation to use of Alternative Dispute Resolution Process;
Notice of Acknowledgement of Receipt; Notice of Case Assignment

*(To be completed by recipient):*

Date this form is signed:  8/2/2006

Robin Emmuel on behalf of Office Depot

(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,
ON WHOSE BEHALF THIS FORM IS SIGNED)

(SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005] | **NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL** | Legal<br>Solutions<br>Plus | Code of Civil Procedure,<br>§§ 415.30, 417.10 |

31 of 31

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

**I. (a) PLAINTIFFS**
Eric Birch, individually, and behalf of all other similarly situated current and former employees of Office Depot, Inc.

**DEFENDANTS**
Office Depot, Inc.

'06 CV 1690 DMS WMc

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Palm Beach County, FL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Kirk D. Hanson (SBN 167920)
Grace Hollis Lowe Hanson & Schaeffer LLP
3555 Fifth Avenue
San Diego, CA  92103
619-692-0800

ATTORNEYS (IF KNOWN)
Robin J. Samuel (SBN 173090)
David R. Singer (SBN 204699)
Hogan & Hartson, L.L.P.
500 S. Grand Ave. #1900, Los Angeles CA 90071
213-337-6789

**VIA FAX**

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
28 U.S.C. Sections 1332 & 1441. Wage and hour class action.

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury – Medical Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury – Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 690 Other | **SOCIAL SECURITY** | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 740 Railway Labor Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | **HABEAS CORPUS:** | [X] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [X] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Conditions | | | |

**VI. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 Original Proceeding
- [X] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** [X] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $  
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES  [ ] NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions)
JUDGE _____   Docket Number _____

DATE 8/18/06     SIGNATURE OF ATTORNEY OF RECORD

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

Rec 8/21/06  128439  $350