# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIC BIRCH, FABIAN ALCALA, and LAURA MULLER, individually and on behalf of all current and former employees of Office Depot, Inc.<br><br>Plaintiffs,<br><br>v.<br><br>OFFICE DEPOT, INC., DOES 1-10<br><br>Defendants. | Case No. 06 CV 1690 DMS (WMC)<br><br>ORDER:<br><br>(1) GRANTING FINAL APPROVAL TO CLASS ACTION SETTLEMENT;<br><br>(2) AWARDING CLASS COUNSEL FEES AND COSTS;<br><br>(3) AWARDING SERVICE AWARD TO CLASS REPRESENTATIVES;<br><br>(4) ISSUING FINAL JUDGMENT; AND<br><br>(5) DISMISSING CASE WITH PREJUDICE<br><br>Hon. Dana M. Sabraw |

This matter having come before the Court on September 28, 2007, for approval of the settlement set forth in the Stipulation and Agreement to Settle Class Action ("Settlement"), and due and adequate notice having been given to the Class Members as required by this Court, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed of the premises and good cause appearing therefore, it is **ORDERED, ADJUDGED AND DECREED THAT:**

1. All terms used herein shall have the same meaning as defined in the Settlement.

2. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation and over all Parties to this litigation, including all Class Members.

3. Distribution of the Notice directed to the Class Members as set forth in the Settlement and the other matters set forth therein have been completed in conformity with the Preliminary Approval Order, including individual notice to all Class Members who could be identified through reasonable effort, and was the best notice practicable under the circumstances. This Notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement, to all persons entitled to such Notice, and the Notice fully satisfied the requirements of due process.

4. No Class Members have objected to the Settlement as of the date of this Order.

5. 7462 Class Members submitted claims.

6. The Court finds that the 18 individuals listed on Attachment A to this Order submitted timely Requests for Exclusion and, accordingly, are not bound by the terms of the Stipulation.

7. This Court hereby approves the settlement set forth in the Settlement and finds that the Settlement is, in all respects, fair, adequate and reasonable, and the Court directs the Parties to effectuate the Settlement according to its terms. The Settlement and every term and provision thereof shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an Order of this Court. The Court finds that the Settlement has been reached as a result of intensive, serious and non-collusive arms-length negotiations. The Court further finds that the Parties are able to reasonably evaluate their respective positions. The Court also finds that settlement at this time will avoid additional

substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of this action. The Court has reviewed the monetary recovery being granted as part of the Settlement, as well as the valuable equitable relief afforded under the Settlement, and recognizes the significant value to the Settlement Class. The Court also finds that the Class is properly certified as a class for settlement purposes only.

8. For purposes of this Judgment, the term "Class-Covered Position" means all persons who were employed at any time between July 21, 2002 and June 20, 2007 (the date of the Order granting preliminary approval to the Settlement) as non-exempt employees in any Office Depot retail store in California, whether as temporary, part time, or full time employees, and who did not opt-out from the Settlement.

9. As of the date of the Court's execution of this Order (hereinafter the "Effective Date"), each and every released claim (as defined in the Settlement) of each and every Class Member is and shall be deemed to be conclusively released as against the Defendant as well as its related and affiliated companies, and its subsidiaries, parent companies, insurers, attorneys, and its present and former managers, executives, owners, shareholders, employees, directors, agents, and operators including, in their individual capacities, and each of its successors and assigns (hereinafter collectively referred to as the "Released Parties"). All Class Members as of the Effective Date are hereby forever barred and enjoined from prosecuting the released claims contained in the Settlement against the Released Parties.

10. The Settlement or any other documents filed as well as any statements made in support of the Settlement, or the Court's approval of the terms of the Settlement, are not an admission by the Defendant or any other Released Parties, nor is this Judgment a finding, of the validity of any claims in the above-captioned action, or of any wrongdoing by the Defendant or any of the Released Parties. Neither this Judgment, the Settlement, nor any document referred to herein, nor any action taken to carry out the Settlement may be construed as, or may be used as an admission by or against Defendant or any of the other Released Parties of any fault, wrongdoing or liability whatsoever. The entering into or carrying out of the Settlement, and any negotiations or proceedings related thereto, shall not in any event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or

3

Birch, et al., v. Office Depot, Inc., et al.
Case No. 06 CV 1690 DMS (WMC)

action or proceeding against Defendant or any of the Released Parties in any court, administrative agency or other tribunal for any purpose whatsoever other than to enforce the provisions of this Judgment, the Settlement, or any related agreement or release. Notwithstanding these restrictions, Defendant, or any of the Released Parties, may file in this action or in any other proceedings, the Judgment, Settlement, or any other papers and records on file in this action as evidence of the Settlement to support a defense of res judicata, collateral estoppel, release, or any other theory of claim or issue preclusion or similar defense as to the released claims contained in the Settlement and/or the individual releases any participating Class member signed.

11.  The Court hereby dismisses this action on the merits and with prejudice against all Class Members in favor of Defendant and without costs or attorneys' fees to any of the Parties as against any other settling party, except as provided for in the Settlement. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over the interpretation, implementation and enforcement of the Settlement and all orders and judgments entered in connection therewith.

12.  The Court hereby awards named plaintiffs Eric Birch and Fabian Alcala a class representative Service Award in the amount of $15,000.00 each, and named plaintiff Laura Muller a class representative Service Award in the amount of $10,000.00. Plaintiffs undertook the representation of the class' interests at great risk, including the risk of an award of costs against them. Plaintiffs greatly assisted Class Counsel and committed a significant amount of effort in order to obtain the benefits on behalf of the class. The amount requested as a service award in this case is well within amounts awarded by courts for efforts by named representative plaintiffs that lead to successful resolution on behalf of the class, such as occurred in this case.

13.  The Court hereby grants the unopposed request of Grace, Hollis, Lowe, Hanson & Schaeffer LLP and awards it as Class Counsel attorney's fees and costs ("Fees Award") in the amount of $6,419,152.74. The Court finds that the attorneys' fees and costs sought are fair and reasonable and should be paid to Class Counsel. Class Counsel's efforts resulted in significant monetary and equitable

relief to the class. The fee award is less than fourteen percent of the total value of all of the relief provided under the Settlement. Class Counsel has proceeded on a contingency basis despite the uncertainty of any fee award. Class Counsel risked that it would not obtain any relief on behalf of Plaintiff or the Class, and so no recovery of fees. In addition, Class Counsel was precluded from pursuing other potential sources of revenue due to its prosecution of the claims in this action. The Court also considers the skill of the Class Counsel in fashioning an appropriate remedy, and the overall results obtained by the litigation, which resulted in the grant of final approval of a settlement that will provide compensation for the alleged unpaid wages due and owing to the Class Members.

14. The Court finds that the Settlement is made in good faith and constitutes a fair, reasonable and adequate compromise of the Released Claims against Defendant and the Released Parties.

15. The payments awarded herein shall be made in the manner and at the times set forth in the Settlement.

Date: 9-28-07

_____
JUDGE OF THE DISTRICT COURT

# EXHIBIT A

**Birch, et al., v. Office Depot, Inc., et al.**

**Requests for Exclusion**

| # | Name | City | State |
|---|------|------|-------|
| 1 | Alexander, Schell A | Hawthorne | CA |
| 2 | Blatter, Kathryne, E | Lehi | UT |
| 3 | Bui, Hong-anh | Sunnyvale | CA |
| 4 | Carig, Jessica | Downey | CA |
| 5 | Corbett, Dashiell L | Santa Clara | CA |
| 6 | Donkor, Kwadwo A | Los Angeles | CA |
| 7 | Ip, Tiffany | San Francisco | CA |
| 8 | Kaiser, Kevin Richard | Cypress | CA |
| 9 | Lane, John P. | Santa Maria | CA |
| 10 | Lawson, Elom Late | Alameda | CA |
| 11 | Legarda, Harold | Palmdale | CA |
| 12 | Magee, Lance | Corona | CA |
| 13 | Paredes, Alex | Resada | CA |
| 14 | Rivas, Fernando | San Ysidro | CA |
| 15 | Roba, Ayele D | Los Angeles | CA |
| 16 | Sun, Christopher | La Crescenta | CA |
| 17 | Trieu, Kathy | Oakland | CA |
| 18 | Yousafian, Edwin | Tujunga | CA |

*Birch, et al., v. Office Depot, Inc., et al.*
Case No. 06 CV 1690 DMS (WMC)